STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-675
REC-CUM- 11/18/2003

MADIA B. ALLOLDING, et. al.,     2003 NOV 18 A 11: 13

Plaintiff,

v.

PORTLAND HOUSING
AUTHORITY

Defendant.

DONALD L. GARBRECHT
LAW LIBRARY

NOV 26 2003

ORDER ON
DEFENDANT'S MOTION
FOR SUMMARY
JUDGMENT

## FACTUAL BACKGROUND

The following are undisputed facts from Defendant's Statement of Material Facts

("DSMF") and Plaintiff's reply thereto. On or about April 24, 2001,[1] two dogs attacked

Plaintiff Madia Allolding while she was walking on a path owned by Forest Avenue

Associates ("FAA") in route to her residence at Riverton Park Housing Development

("RPHD"). Immediately before this incident, Ricky Sang, an out-of-state visitor of

RPHD tenant Kun Vorn, left Kun Vorn's apartment with his dog on a leash and

subsequently met up with another man who also had a dog on a leash.[2]

The parties dispute the ownership of the dogs.[3] The men walked the dogs away from

---

[1] DSMF and Plaintiffs' reply thereto both incorrectly state that Plaintiff was walking on the path on April 24, 2002, rather than on April 24, 2001.
[2] Although Plaintiff's reply to DSMF admits that immediately prior to the incident, Rick Sang left Kun Vorn's apartment, Plaintiff incorrectly quotes the date in DSMF at ¶ 16 as April 23, 2001, rather than April 24, 2001.
[3] Defendant claims that Kun Vorn was not the owner of the dogs in the alleged attacks. (DSMF at 1, ¶ 6; Def.'s Reply to Pls.'s Opp'n to Def.'s Mot. for Summ. J. at 1.) Plaintiffs claim that Kun Vorn was the owner of one of the dogs and was responsible for the other dog, whose owner had returned to Vietnam. (Pls.' Opposing Statement of Material Facts at 1, ¶ 6.) In response, Defendant asserts that because the Simard Affidavit on which Plaintiff relies, is not based on personal knowledge, the citation to Simard's Affidavit does not properly controvert DSMF ¶ 6. (Def.'s Reply to Pls.' Opp'n to Def.'s Mot. for Summ. J. at 2.) The court disagrees. Simard's statement is based on personal knowledge of his conversation with Kun Vorn. His recollection of this conversation is admissible evidence because what Kun Vorn told Simard about the dogs qualifies as a statement against interest, an exception to the hearsay rule. See M. R. Civ. P. 56(e); see also M. R. Evid. 804(b)(3).

RPHD on a path that went through property owned by FAA. Both men kept their dogs under the control of leashes while on RPHD property; however, they let their dogs off of the leashes when they reached the part of the path owned by FAA (where Plaintiff was attacked). At all times relevant to this matter, Portland Housing Authority ("PHA") owned and managed RPHD.

In December 2002, Plaintiff Madia Allolding, together with Plaintiffs Simeon Allolding and Akech Allolding, filed a six-count complaint[4] with claims of negligence, loss of consortium, breach of implied [warranty and] covenant [of] habitability, breach of express warranty, misrepresentation, and negligent infliction of emotional distress. On February 13, 2003, Defendant filed a motion to dismiss the Count II claim for loss of consortium brought by Plaintiff Simeon Allolding and the Count VI claim for negligent infliction of emotional distress brought by Akech Allolding.[5] On March 13, 2003, the court ordered the dismissal of Count II and Count VI. With respect to the four counts that remain, Plaintiffs seek damages, further relief as the court deems just and reasonable, and interest and costs. On August 18, 2003, Defendant moved for summary judgment on the remaining counts.

## DISCUSSION

Summary judgment is proper where the record reveals no genuine issue of material fact. McLaughlin v. Superintending Sch. Comm. of Lincolnville, 2003 ME 114, ¶ 11 (decided Sept. 16, 2003). When considering a motion for summary judgment, the court gives the party opposing summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. Id., ¶ 11 (citing Curtis v. Porter, 2001 ME 158, ¶ 9, 784 A.2d 18, 22). The party moving for summary judgment bears the

---

[4] Although there are six counts in the complaint, at first blush, the complaint appears to only have five numbered counts, as two of the counts are labeled as Count II.

[5] Although Plaintiff's complaint labels two claims as Count II and does not have a Count VI, Defendant's motion to dismiss refers to Simeon Allolding's loss of consortium claim as Count II and Akech Allolding's negligent infliction of emotional distress claim as Count VI.

2

burden of showing that the evidence fails to establish a prima facie case for at least one element of the cause of action. Id. ¶ 12 at (citing Stewart ex rel. Stewart v. Aldrich, 2002 ME 16, ¶ 8, 788 A.2d 603, 606). In the present case, Defendant's Motion for Summary Judgment should be granted for the reasons set forth below.[6]

### 1. Negligence

Plaintiff Madia Allolding's claim for negligence fails because she has not established all of the elements of a negligence claim. Plaintiff must show that Defendant owed her a duty, that defendant breached that duty, and that the breach was the proximate cause of her injuries. See Mastriano v. Blyer, 2001 ME 134, ¶ 11, 779 A.2d 951, 954; Stanton v. Univ. of Maine Sys., 2001 ME 96, ¶ 7, 773 A.2d 1045, 1049. "Proximate cause is that cause which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the result would not have occurred." Merriam v. Wanger, 2000 ME 159, ¶ 8, 757 A.2d 778, 780 (citation and internal quotation omitted).

Here, both parties agree that the attack took place outside of PHA property. Therefore, even if the court found that Defendant owed Plaintiff a duty and that Defendant breached that duty by allowing the dogs to remain at RPHD, Defendant's breach cannot be said to be the proximate cause of Plaintiff's injuries.

### 2. Implied Warranty and Covenant of Habitability

Summary judgment should also be granted in favor of Defendant on Plaintiffs claim for a breach of implied warranty and covenant of habitability. To state a claim against a landlord for breach of implied warranty and covenant of habitability in the Superior Court, plaintiffs must allege that a condition exists "in a dwelling unit which

---

[6] Although the parties dispute whether PHA is a governmental entity and the ownership of the dogs,

renders the dwelling unit unfit for human habitation." 14 M.R.S. § 6021(3) (2003). In addition, the complaint must state that:

> A. A condition, which shall be described, endangers or materially impairs the health or safety of the tenants;
>
> B. The condition was not caused by the tenant or another person acting under his control;
>
> C. Written notice of the condition without unreasonable delay, was given to the landlord or to the person who customarily collects rent on behalf of the landlord;
>
> D. The landlord unreasonably failed under the circumstances to take prompt, effective steps to repair or remedy the condition; and
>
> E. The tenant was current in rental payments owing to the landlord at the time written notice was given.

Id. at § 6021(3)(A-E).

Here, Plaintiffs' Complaint does not include all of these statements. Specifically, it has failed to make the statements contained in subsections B through E. (Pls.' Compl. at 4.) Moreover, Plaintiffs' Complaint requests consequential damages for the breach (id.) when section 6021(4)(D) expressly states, "the court may not award consequential damages for the breach of the warranty of fitness for human habitation." 14 M.R.S. § 6021(4)(D). Therefore, Plaintiffs' second Count II is not properly before the court and Defendant is granted summary judgment on this count.

### 3. Express Warranty

Plaintiffs' claim for a breach of express warranty also fails. Again, both parties agree that the attack took place outside of RPHD and not on PHA's property. Therefore, even if Defendant expressly represented in its Lease and other marketing materials that RPHD was a safe, secure and habitable complex, and even if the dogs that attacked Plaintiff did reside with a tenant on the premises, Plaintiffs have not shown

---

these facts are not material in the determination of Defendant's Motion for Summary Judgment.

4

that Defendant's failure to rid the premises of the dogs made RPHD a premises that was not safe, secure or habitable. Nor have Plaintiffs shown that Defendant's alleged breach of express warranty proximately caused Plaintiff Madia Allolding's offsite injury. See Maine Energy Recovery Co. v. United Steel Structures, Inc., 1999 ME 31, ¶ 7, 724 A.2d 1248, 1250. Hence, Defendant should be granted summary judgment on Plaintiffs' claim for a breach of express warranty.

### 4. Misrepresentation

Finally, Plaintiffs' claim for misrepresentation fails. The elements of misrepresentation are set out in Letellier v. Small, 400 A.2d 371 (Me. 1979). A defendant is liable for misrepresentation if he (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to his damage. Id. Here, even if Plaintiff was able to show that PHA made a false representation about the existence of dogs on RPHD property at the time she entered into her lease, she has not established that the misrepresentation was made with falsity or reckless disregard for the truth, that the misrepresentation was made for the purpose of inducing her to sign the lease, or that the misrepresentation was what caused her damages. This conclusion is further supported by the fact that the parties agree that the injury took place outside of PHA's property. Given this fact, the Plaintiffs' cannot successfully claim that any misrepresentation by Defendant about conditions on RPHD property proximately resulted in damages to Plaintiff.

The entry is

Defendants' Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this 18th day of November, 2003.

Robert E. Crowley
Justice, Superior Court

MADIA B ALLOLDING  - PLAINTIFF

Attorney for: MADIA B ALLOLDING
PHILIP P MANCINI
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101


SIMEON ALLOLDING-DISMISSED 3-11-03  - PLAINTIFF

Attorney for: SIMEON ALLOLDING-DISMISSED 3-11-03
PHILIP P MANCINI
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101


AKECH ALLOLDING-DISMISSED 3-11-03  - PLAINTIFF

Attorney for: AKECH ALLOLDING-DISMISSED 3-11-03
PHILIP P MANCINI
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101



vs
PORTLAND HOUSING AUTHORITY - DEFENDANT

Attorney for: PORTLAND HOUSING AUTHORITY
ROBERT LASKOFF
LASKOFF & ASSOCIATES
PO BOX 7206
LEWISTON ME 04243-7206

Attorney for: PORTLAND HOUSING AUTHORITY
HEATHER M SEASONWEIN
LASKOFF & ASSOCIATES
PO BOX 7206
LEWISTON ME 04243-7206

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00675

**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: OTHER PERSONAL INJURY TORT
Filing Date: 12/31/2002

## Docket Events:
12/31/2002 FILING DOCUMENT - COMPLAINT FILED ON 12/31/2002

12/31/2002 Party(s):  MADIA B ALLOLDING
          ATTORNEY - RETAINED ENTERED ON 12/31/2002

          Party(s):  SIMEON ALLOLDING-DISMISSED 3-11-03
          ATTORNEY - RETAINED ENTERED ON 12/31/2002

          Party(s):  AKECH ALLOLDING-DISMISSED 3-11-03
          ATTORNEY - RETAINED ENTERED ON 12/31/2002

Printed on: 11/18/2003